IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

TRACIE RASMUSSEN and HUNTER J. THAYER,

    Plaintiffs,

vs.

OPPORTUNITIES UNLIMITED,

    Defendant.

No. 18-CV-4052-LTS

**REPORT AND RECOMMENDATION**[1]

_____

Defendant Opportunities Unlimited removed this case from the Iowa District Court for Woodbury County on June 21, 2018, on the basis of the existence of diversity jurisdiction. Doc. 1. On August 2, 2018, I held a status conference with the parties, where I sua sponte raised the issue whether the case had been properly removed and directed the parties to brief the issue. Doc. 9. I noted that Opportunities Unlimited is an Iowa corporation, and under the forum-defendant rule, removal based on diversity of citizenship of the parties is not allowed if any defendant in the action is a citizen of the state where the action is filed. 28 U.S.C. § 1441(b)(2); *see also Druivenga v. Hillshire Brands Co.*, No. C 18-4003-MWB, 2018 WL 1115935, at *2 (N.D. Iowa Mar. 1, 2018)

---

[1] District courts are split on whether a remand order is dispositive such that a magistrate judge does not have the authority to issue one. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-CV-3088-LTS, 2016 WL 6080202, at *2–4 (N.D. Iowa Oct. 17, 2016) (collecting cases and holding that a remand order is nondispositive). Every circuit court of appeals to address the issue, however, has held that remand orders fall outside a magistrate judge's purview. *See Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 762-65 (5th Cir. 2016); *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008); *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 516-17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995-97 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998).

(noting that court had raised applicability of the forum-defendant rule sua sponte). On August 16, 2018, Opportunities Unlimited filed a response in which it agreed "that this case was improvidently removed" and that it "should be remanded to State Court." Doc. 13.

I therefore RESPECTFULLY RECOMMEND that this action be remanded to the Iowa District Court for Woodbury County, and the case in this court be terminated.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**ENTERED** this 20th day of August, 2018.

*/s/ Kelly K.E. Mahoney*
Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa